IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES RICHARD SMITH, III, | : |
| Petitioner, | : |
| v. | : Civil Action No. 23-854-CFC |
| UNITED STATES OF AMERICA, | : |
| Respondents. | : |

## MEMORANDUM

### I. BACKGROUND

On March 2, 2020, the Grand Jury for the District of Delaware indicted Petitioner James Richard Smith III ("Petitioner") on various firearms and controlled substances offenses. (See *United States v. Smith*, Crim. A. No. 20-26-CFC, D.I.10 & D.I. 11)  On August 7, 2023, Petitioner filed in this Court a *pro se* habeas petition pursuant 28 U.S.C. § 2241 ("Petition") while he was a pre-trial detainee at FDC Philadelphia in Philadelphia, Pennsylvania.  (D.I. 1)  The instant Petition challenges the Government's legal standing to detain Petitioner or bring him to trial on the five charges in his indictment in his parallel criminal case.  (D.I. 1 at 1)  Petitioner asks for his "release from unlawful detainment" and for his "cases [to be] dismissed or vacated."  (D.I. 1 at 5)

The jury trial in Petitioner's parallel criminal case started on August 14, 2023.  (See *Smith*, Crim. A. No. 20-26-CFC, D.I. 183 at 1)  The jury found Petitioner guilty of all charges on August 15, 2023.  (See *id.* at D.I. 222)

## II. LEGAL STANDARDS

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4's summary dismissal procedure applies to § 2241 petitions. See Rule 1(b), 28 U.S.C. foll 2254.

Section 2241 authorizes district courts to entertain a petition for a writ of habeas corpus filed by prisoners claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition must be filed in the district having jurisdiction over the petitioner's custodian. See *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). When a § 2241 petition is filed in the wrong district, 28 U.S.C. § 1631 authorizes the court to transfer the action to the federal district court having jurisdiction over the petitioner's custodian at the time the action was commenced if the transfer is "in the interest of justice [.]" *Id*. "[W]hether or not the suit has any possible merit bears significantly on whether the court should transfer, and if it does not, the court should not waste the time of another court by transferring it." *Moreno-Bravo v. Gonzales*, 463 F.3d 253, 263 (2nd Cir. 2006).

## III. DISCUSSON

Petitioner is in custody at FDC Philadelphia, which is in the Eastern

2

District of Pennsylvania. Since the District of Delaware is not Petitioner's district of confinement, the Court does not have jurisdiction over the instant Petition. Although the Court could transfer the Petition to the Eastern District of Pennsylvania, such a transfer would not serve the interest of justice. When he filed the instant Petition, Petitioner was a federal pre-trial detainee seeking pretrial release pursuant to 28 U.S.C. § 2241. He has since been convicted of all charges that prompted his pre-trial detention, which means that Petitioner's claims concerning his pre-trial confinement are moot. *See, e.g.*, *United States v. Roberts*, 463 F. App'x 72, 74 n. 4 (3d Cir. Mar. 2, 2012) (noting that a federal defendant's conviction after filing a pretrial challenge to his detention pursuant to § 2241 "raises the question of whether his challenge to pretrial detention is moot because he is now presumably in detention pending sentence pursuant to 18 U.S.C. § 3143(a)"); *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990) (explaining that a court does not have jurisdiction over a case if, at any stage, it fails to satisfy the case or controversy requirement of Article III, Section 2, of the United States Constitution); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002) (finding that an actual controversy must exist during all stages of litigation). Transferring a moot Petition to the Eastern District of Pennsylvania would not serve the interest of justice. Therefore, the Court will summarily dismiss the Petition for lack of jurisdiction.[1]

---

[1] If, for some reason, the Petition has not been rendered moot by Petitioner's conviction, the Court still summarily dismisses the Petition for lack of jurisdiction. The Third Circuit has held that "federal defendants who seek pretrial release should do so through the means authorized by the Bail Reform Act [of 1984, 18 U.S.C. §§ 3141-4150], not through a separate § 2241 action." *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018). Such challenges must be brought "through pretrial motions in [the defendant's] criminal case." *Id.* Consequently, the interest of justice would not be

## IV. CONCLUSION

For the reasons set forth above, the Court summarily dismisses the instant Petition for lack of jurisdiction. To the extent one may be necessary, the Court also declines to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997). The Court will issue an Order consistent with this Memorandum.


Dated: August 25, 2023

_____
Colm F. Connolly
Chief Judge

---

served by transferring the instant Petition, because Petitioner's attempt to use § 2241 for pretrial release would be improper even if the Petition had been filed in the district of confinement.

4